# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | David H. Coar | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 99 CR 359-1 | **DATE** | 2/13/2004 |
| **CASE TITLE** | Rodriguez v. United States | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Defendant Eisenhauer Rodriguez's Motion for Review of Sentence Pursuant to Title 18 U.S.C. Section 3742 and for Downward Departure Pursuant to U.S.S.G. Section 5K2

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due _____. Reply to answer brief due _____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry]  For the reasons set forth in the attached Memorandum Opinion and Order, defendant's motion (docket number 67) is denied in its entirety.

(11) [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | Document Number |
| | Notices mailed by judge's staff. | | FEB 19 2004 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | | 70 |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | date mailed notice | |
| aed/lc | courtroom deputy's initials | | mailing deputy initials | |
| | | Date/time received in central Clerk's Office | | |

| | |
|---|---|
| EISENHAUER RODRIGUEZ, ) | |
| ) | |
| Petitioner, ) | |
| ) | No. 99 CR 359-1 |
| v. ) | |
| ) | HONORABLE DAVID H. COAR |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

## MEMORANDUM OPINION AND ORDER

Defendant Eisenhauer Rodriguez's Motion for Review of Sentence Pursuant to Title 18 U.S.C. Section 3742 and for Downward Departure Pursuant to U.S.S.G. Section 5K2 is before this court.

Rodriguez framed his motion as one brought pursuant to 18 U.S.C. § 3742, based upon his contentions that the sentence was imposed in violation of the law, was imposed as a result of incorrect application of the United States Sentencing Guidelines, and is greater than the maximum sentence provided for by the Guidelines. Rodriguez did not, in his motion or his supporting memorandum, further define or address his vague contentions in that regard.[1] Instead, the only substance of Rodriguez's submissions is his request for a downward departure on two grounds: (1) his "extraordinary efforts and post-conviction rehabilitation;" and (2) his status as a deportable alien. In furtherance of his motion, Rodriguez seeks an evidentiary hearing and the appointment of counsel pursuant to 18 U.S.C. § 3006A.

For the following reasons, this court dismisses the motion in its entirety.

---

[1] Those contentions parrot the language of 18 U.S.C. § 3742 setting forth the permissible bases for appeal of a sentence.

I.  **Background**

On October 15, 1999, Rodriguez pled guilty to possession with intent to distribute heroin, in violation of 21 U.S.C. § 841(a)(1). On February 2, 2000, this court sentenced Rodriguez to 70 months' imprisonment.

Rodriguez filed a direct appeal on March 3, 2000 (No. 00-1574).[2] Subsequently, his appointed counsel filed a motion to withdraw under *Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396 (1967). In his briefing on the motion, counsel identified two potential issues for appeal, both of which he believed to be frivolous. In his Rule 51(b) response, Rodriguez cited two *additional* potential grounds for appeal: (1) that the district court should have departed downward because his status as a deportable alien will likely cause his conditions of confinement to be more severe than those encountered by most inmates; and (2) that the district court erred by holding him accountable for a drug quantity greater than that involved in the offense of conviction (*i.e.*, by including in its calculation of the quantity drugs that were part of the same course of conduct as the charged offense).

The Seventh Circuit addressed in turn each of the four potential grounds for appeal and found that none would enable Rodriguez to prevail on direct appeal. Accordingly, on October 11, 2000, it granted counsel's motion and dismissed Rodriguez's appeal, concluding that an appeal would be frivolous. *See United States v. Rodriguez*, No. 00-1574, 2000 U.S. App. LEXIS 25656 (7th Cir. Oct. 11, 2000). Rodriguez did not file a petition for certiorari to the United States Supreme Court.

---

[2] On March 15, 2000, Rodriguez filed a second direct appeal (No. 00-1689). The Seventh Circuit dismissed that appeal on April 5, 2000, as it was duplicative of the first direct appeal.

On July 6, 2001, Rodriguez filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2255 (No. 01 C 5231), articulating four grounds for relief. The two stated bases for Rodriguez's instant request for relief (*i.e.*, his status as a deportable alien and his post-conviction rehabilitation efforts) were not included among them. Rodriguez subsequently filed a motion to withdraw his petition, which the court granted on September 13, 2001.[3]

Proceeding *pro se*, Rodriguez filed the instant motion on September 9, 2002, seeking review of his sentence and, specifically, a downward departure therein. As directed by the court, the government filed its response to Rodriguez's motion on December 2, 2002. However, the date designated by the court for Rodriguez to file his reply came and went without his filing any reply (and none has been filed, to date).

## II. Analysis

18 U.S.C. § 3582 defines the circumstances under which district courts may modify sentences and otherwise *prohibits* district courts from doing so, unless "expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure." 18 U.S.C. § 3582(c)(1)(B). As an initial matter, none of the bases for modifying a sentence set forth in section 3582 is applicable in the present case (and Rodriguez does not contend otherwise). Moreover, the clear terms of Rule 35 indicate that it does not authorize the district court to review and/or modify Rodriguez's sentence at this juncture.

Rodriguez purported to bring his motion pursuant to 18 U.S.C. § 3742. However, that

---

[3] According to the government's submission, on or about June 25, 2001, Rodriguez had filed another petition in the captioned case, purportedly pursuant to 28 U.S.C. § 2255. The petition, which sought relief on the same grounds set forth in Rodriguez's July 6, 2001 petition (No. 01 C 5231), was referred to the civil docket in that case. The copy of the petition provided by the government indicates that it was served on the government on June 25, 2001, but does not bear any indication that it was filed.

statute confers jurisdiction *only* upon the court of appeals to review a sentence, and not upon the district court. Because section 3742 does not grant jurisdiction to this court to entertain Rodriguez's motion, it must be dismissed.[4]

Notwithstanding that Rodriguez purported to bring his motion pursuant to 18 U.S.C. § 3742, he framed his claim concerning his status as a deportable alien as one for ineffective assistance of counsel. *See* Mem. p. 1 ("Counsel was well aware that Defendant is an alien. Inspite [sic] of this, Counsel failed to raise the issue of deportability and harsher conditions of confinement Defendant may experience as mitigating circumstances at sentencing. Defendant claims that this prejudicial ommission [sic] by Counsel constitutes a performance below accepted professional standards warranting resentencing."). Even if this court were to consider the entire motion brought by *pro se* Rodriguez as one brought pursuant to 28 U.S.C. § 2255, rather than the statute upon which he expressly relied, it would necessarily be procedurally barred.

First and foremost, any request for relief pursuant to section 2255 would be time barred. The Seventh Circuit Court of Appeals affirmed Rodriguez's judgment of conviction on October 11, 2000. Rodriguez did not file a petition for certiorari, and the time in which he could have done so expired on or about January 9, 2001 (90 days after entry of the court of appeals' judgment). *See* S. Ct. Rule 13. Rodriguez filed the instant motion on September 9, 2002 – (far) more than one year after the judgment of conviction became final. *See* 28 U.S.C. § 2255, P 6;

---

[4] Even then, to meet the requirements of section 3742, the appeal may only be premised on one or more of four specific grounds for relief set forth therein. *See* 18 U.S.C. § 3742. Moreover, the statute does not authorize review of Rodriguez's sentence by the court of appeals at this juncture; such an appeal would be untimely, and the court of appeals has already taken a direct appeal of his sentence and dismissed it as frivolous. In any event, the statute does not grant the appellate court jurisdiction to review either a district court's failure to grant a downward departure or the extent of a downward departure granted by the district court. *United States v. Shaffer*, 993 F.2d 625, 628-29 (7th Cir. 1993).

*Clay v. United States*, 537 U.S. 522, 123 S. Ct. 1072 (2003). Accordingly, even construing Rodriguez's motion as one brought under section 2255, the motion would be time barred, mandating dismissal.[5]

With his submissions to this court, Rodriguez has neither cited nor suggested any valid statutory basis for the court to exercise jurisdiction over his request for relief and/or to revisit his sentence at this juncture, and, indeed, none exists.[6]

## III. Conclusion

For the foregoing reasons, Rodriguez's motion is dismissed in its entirety, with prejudice.

Enter: _____
David H. Coar
United States District Judge

**Dated: February 13, 2004**

---

[5] As such, it is unnecessary for this court to determine whether such a motion would also constitute an improper uncertified successive habeas petition pursuant to 28 U.S.C. §§ 2244 & 2255 P 8. *See, e.g., Dunlap v. Litscher*, 301 F.3d 873 (7th Cir. 2002) (second collateral attack cannot proceed without prior appellate approval); *see also Romandine v. United States*, 206 F.3d 731, 734 (7th Cir. 2000) ("a prisoner can't file multiple collateral attacks just by omitting the designation 'sec.2255' from a motion substantively under that section"); *Johnson v. United States*, 196 F.3d 802, 804 (7th Cir. 1999) (citing *Felder v. McVicar*, 113 F.3d 696 (7th Cir. 1997)) ("if the prisoner gets a collateral attack under way and then abandons it in the face of looming defeat, that proceeding counts"). For the same reason, it is unnecessary for this court to address whether other procedural bars would operate to preclude Rodriquez's claims.

[6] Although Rodriguez correctly noted that U.S.S.G. § 5K2 addresses downward departures, that provision is wholly irrelevant because this court utterly lacks authority to revisit Rodriguez's sentence. Likewise, the three cases cited by Rodriguez in support of his claim that this court has the discretionary authority to lower his sentence because of his extraordinary efforts at successful rehabilitation are inapposite. In all three cases, the defendant was appealing a valid resentencing. (In *United States v. Green*, 152 F.3d 1202 (9th Cir. 1998), the district court had resentenced the defendant on remand from the court of appeals; in *United States v. Roberts*, No. 98-8037, 1999 U.S. App. LEXIS 426 (10th Cir. 1999), the district court had resentenced the defendant in connection with his section 2255 habeas petition; and in *United States v. Sally*, 116 F.3d 76 (3rd Cir. 1997), the district court had simply sentenced the defendant in the first instance following his conviction.)